Joseph N. Taillon
vs. } No. 81859.
Conrad Mfg. Company

March 6, 1930.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff in sum of $50.

Plaintiff was driving his touring car on December 10, 1928, in a southerly direction on Lonsdale Avenue and when at or near West Hunt Street in the City of Central Falls was in collision with a car of the defendant driven by John H. Conrad. West Hunt Street enters Lonsdale Avenue from the east and the northeasterly corner

formed by these two streets, which corner was on Taillon's left and on Conrad's right, appears not to have been a particularly blind corner at that time. Neither car seems to have been proceeding at what one would characterize as a fast rate of speed. The roadway was wet and icy, at least in places. Conrad said that plaintiff's car had side curtains with isinglass in them which was fairly old and yellow and through which he couldn't see. That the curtains were up was denied by plaintiff.

Plaintiff's story was that when he was opposite West Hunt Street defendant's car struck his rear mudguard, the collision causing his car to strike a machine which was parked on the right side of Lonsdale Avenue. This statement of the collision was measurably supported by occupants of the car and by a young man who was coming out of a drugstore on Lonsdale Avenue opposite or nearly opposite West Hunt Street.

John H. Conrad, President and Treasurer of Conrad Manufacturing Company and driver of defendant's automobile. testified that he was driving westerly on West Hunt Street; that he turned to his left to go southerly on Lonsdale Avenue and had almost straightened out when the Taillon car appeared from his right rear, struck his right rear wheel, crumpled up his fender and demolished his running board. His right front mudguard was badly damaged. The plaintiff had chains on his left rear wheel. According to Mr. Conrad. the marks of plaintiff's right rear wheel showed on the road for a distance of 20 to 25 feet.

The testimony of Mr. Conrad relative to the parts of his machine which were damaged was not denied. The location of its damage seems to the Court to support very forcibly the defendant's contention that its machine was side-wiped by the Taillon car. If the collision occurred as stated by the plaintiff's witnesses it does not seem as if the whole right side of defendant's car would have been damaged. The Court is inclined to believe that plaintiff's view to the side was more or less obscured and that he did not see defendant's car until he brushed it on the side, which contact caused him to veer to the right and strike the parked car on his right.

The Court thinks the verdict is against the weight of the evidence and therefore grants defendant's motion for a new trial.

For plaintiff: John Di Libero, R. Brown.

For defendant: Hinchley, Allen, Tillinghast, Phillips and Wheeler.